UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN McSWAIN,

                         Plaintiff,          Civil Action No. 20-12684

v.                                           Terrence G. Berg
                                             United States District Judge

B. WEST, *et al.*,                           David R. Grand
                                             United States Magistrate Judge

                         Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND TO DENY AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 41)

## I.    PROCEDURAL HISTORY

*Pro se* plaintiff Shawn McSwain ("McSwain"), an incarcerated person, brings this civil rights action pursuant to 42 U.S.C. § 1983, against eight employees of the Michigan Department of Corrections ("MDOC"), based on claims that he received retaliatory misconduct tickets for filing a prison grievance.  (ECF No. 1).[1]  The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b).  (ECF No. 9).

On January 13, 2022, Defendants filed a second motion for summary judgment on the basis of exhaustion and brief in support.  (ECF No. 41).  The Court subsequently issued an Order advising McSwain of his obligation to respond to Defendants' motion by

---

[1] McSwain's other claims were previously dismissed on December 22, 2021, for failure to properly exhaust his administrative remedies.  (ECF No. 38; *see also* ECF No. 36).

**February 16, 2022**, and that his failure to do so may result in a recommendation that the Defendants' motion be granted.  (ECF No. 43).  When McSwain had not filed a response to Defendants' motion, on March 18, 2022, the Court issued an Order directing McSwain to show cause, in writing, on or before **April 4, 2022**, why this Court should not recommend that Defendants' motion be granted and/or that McSwain's claims be dismissed.  (ECF No. 46).  Alternatively, McSwain was permitted to file a response to Defendants' motion by **April 4, 2022.**  McSwain was specifically warned that, "Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, may result in a recommendation that Defendants' motion be granted and/or that McSwain's claims be dismissed under Fed. R. Civ. P. 41(b)."  (*Id.*, PageID.566).

On April 7, 2022, when McSwain had failed to respond to the Order to Show Cause or file a response to Defendants' motion, the Court issued a final Order to Show Cause directing McSwain to show cause, in writing, on or before **April 21, 2022,** why this case should not be dismissed for his failure to file a response to the Defendants' second motion for summary judgment.  McSwain was specifically warned again that his failure to respond to the final Order to Show Cause or respond to Defendants' motion "by **<u>April 21, 2022</u>**, <u>**will result in a recommendation that Defendants' motion be granted and/or that McSwain's claims be dismissed under Fed. R. Civ. P. 41(b)**</u>."  (ECF No. 47).

However, one day after the issuing the final Order to Show Cause, the Court docketed on April 8, 2022, McSwain's notice of change of address to Macomb Correctional Facility, 32625 26 Mile Road, New Haven, MI 48048.  (ECF No. 48).  Based on this change

of address, and in an abundance of caution, the Court provided one final opportunity for McSwain to show cause or file a response to Defendants' motion.  The Court made clear that "McSwain's response to this Order, and any response he wishes to file the Defendants' motion, is due on or before **May 9, 2022**.  McSwain's failure to file such materials by **May 9, 2022**, **will result in a recommendation that Defendants' motion be granted and/or that McSwain's claims be dismissed under Fed. R. Civ. P. 41(b)**."  (ECF No. 49, PageID.574-75).  Despite it now being two weeks beyond this deadline, a review of the docket indicates that McSwain has neither responded in writing to the Court's Orders to Show Cause, nor filed a response to Defendants' motion.[2]

## II.    ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).

---

[2] None of the Court's Orders to Show Cause (which were served by mail on McSwain) have been returned to the Court as undeliverable.

As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court warned McSwain that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion for summary judgment or a response to the Court's Orders to Show Cause. (ECF Nos. 46, 47, 49; *see also* ECF No. 43). Yet McSwain failed

to respond, meaning that the first[3] and third factors weigh in favor of dismissal. As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to McSwain's apparent abandonment of his claims. Finally, given McSwain's failure to file responses as ordered, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.[4]

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, McSwain has "engaged in a clear

---

[3] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

[4] In any event, the Court notes that Defendants attached to their motion the MDOC misconduct ticket and hearing documents for the ten tickets McSwain received during the relevant time period between May 1, 2020, and June 15, 2020, (ECF No. 41-1), in order to meet their initial burden as the moving party to show that McSwain failed to properly exhaust his retaliatory misconduct ticket claims through the process outlined in MDOC Policy Directive 03.02.130, entitled "Prisoner Discipline." And, because McSwain failed to file any response that disputes, much less presents evidence disputing, Defendants' arguments and evidence, he failed to "make an affirmative showing with proper evidence [] to defeat [Defendants'] motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims.   Under these circumstances, dismissal is appropriate.  *See* Fed. R. Civ. P. 41(b).

## III.    RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that McSwain's complaint **(ECF No. 1)** and his claims against Defendants be **DISMISSED WITH PREJUDICE,** and that Defendants' Motion for Summary Judgment **(ECF No. 41)** be **DENIED AS MOOT**.

Dated: May 23, 2022                              s/David R. Grand
Ann Arbor, Michigan                           DAVID R. GRAND
                                                          United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to

6

be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2022.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager